BRYAN, Judge,
concurring specially.
I agree with the main opinion insofar as it concludes that the juvenile court’s judgment suspending the mother’s visitation rights does not strike a balance between promoting the relationship between the mother and the child and adequately protecting the child from the harmful aspects of visitation with the mother. 85 So.3d at 466. However, that conclusion should not be interpreted as my approval of a visitation award similar to the visitation rights the mother enjoyed before the juvenile court entered the judgment suspending her visitation rights. In certain cases, this perhaps being one of those cases, supervised visitation can be a successful method of maintaining a relationship between a parent and a child without subjecting the child to the harmful aspects of visitation with his or her parent.[6] Also, because of the animosity between the mother and the maternal grandparents, the juvenile court could consider ordering that visitation exchanges occur at a law-enforcement office or station.

. I recognize that the juvenile court ordered the Etowah County Department of Human Resources (“DHR”) to close its case in this matter, but, on remand, the juvenile court could consider ordering DHR to remain involved in the case for purposes of administering supervised visitation. The juvenile court could also consider whether the child’s paternal relatives or a counselor could serve as an appropriate visitation supervisor.